UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

———————————————

In re:

MICHAEL HAROLD DAWSON and
PATRICIA ANN DAWSON,

               Debtors.

_____/

Case No. DG 16-04923
Chapter 7
Hon. Scott W. Dales

MEMORANDUM OF DECISION & ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                      Chief United States Bankruptcy Judge

On May 16, 2018, chapter 7 trustee Jeff A. Moyer (the "Trustee") filed a Motion to Compel

Turnover (ECF No. 28, the "Motion"), seeking to compel counsel for debtors Michael and Patricia

Dawson (the "Debtors") to relinquish specified documents concerning a prepetition garnishment.

The Debtors and their counsel, Cheryl L. Chadwick, filed an Objection to Motion to Compel

Turnover (ECF No. 31, the "Objection").  The court held a hearing on June 20, 2018, in Grand

Rapids, Michigan, to consider the Motion.  The Debtors, the Trustee, and Ms. Chadwick appeared

at the hearing.

On the record, the Trustee explained that he is seeking to compel turnover of the specific

documents because he is building a case against Ms. Chadwick for legal malpractice due to her

alleged failure to file the Debtors' petition in time to preserve a possible preference recovery (and

exemption rights) under 11 U.S.C. §§ 522(g) and 547.[1]  The Trustee's theory, evidently, is that if

counsel had filed the Debtors' bankruptcy petition two days earlier, the Debtors could have

---

[1] Unless otherwise indicated, any reference in the text of this opinion to "§ ____" points to a section within the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*  And, unless otherwise noted, a reference in this opinion to a "Rule" indicates reliance on a Federal Rule of Bankruptcy Procedure.

exempted approximately $6,047.00 on account of a preference recovery that might have been wrested from their judgment creditor, Portage Federal Credit Union.  Her failure to do so, the argument continues, gives rise to a prepetition cause of action in the Debtors' favor to which the Trustee succeeded under § 541(a) upon the commencement of their case.  Ms. Chadwick denies any malpractice, and resists the Motion on the grounds that it impermissibly seeks privileged material and, even assuming malpractice, the Motion flouts orderly post-suit discovery on a state law claim.

After considering the arguments, the court announced its intention to grant the Motion for the reasons set forth on the record, and supplemented in this opinion.

In framing his Motion as one for turnover, the Trustee is relying on § 542, which provides in relevant part as follows:

> (e)  Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee.

11 U.S.C. § 542(e).  The case law suggests that individual debtors retain the right to assert the privilege, post-petition, and the right depends largely on applicable state law in a civil proceeding in which state law supplies the rule of decision.  *See French v. Miller (In re Miller),* 247 B.R. 704 (Bankr. N.D. Ohio 2000); 28 U.S.C. § 1652; Fed. R. Evid. 501.

In the response to the Motion, the Debtors (and their counsel) ask the court to rebuff the Trustee's request based on their assertion of the attorney-client privilege, the work product privilege, and the alleged impropriety of circumventing ordinary discovery procedures by resorting to the Trustee's turnover power under § 542.  Ms. Chadwick also contends there was no malpractice.

At the hearing, the Trustee confirmed the limited universe of documents that he is seeking through the Motion:

> …all documentation and communication of any kind between Cheryl Chadwick and Duff, Chadwick & Associates, PC, and representatives of Portland Federal Credit Union and/or its employees and its counsel Weltman, Weinberg & Reis Co., LPA, regarding the Debtors' indebtedness to Portland Federal Credit Union and/or garnishments or levies, from September 24, 2016 to date.

*See* Motion at ¶ 3.

From the Motion, and the Trustee's statements at the hearing, the Debtors cannot plausibly assert the attorney-client privilege because the Trustee is seeking only documents shared with, or originating from, entities other than Ms. Chadwick's clients. *See Passmore v. Passmore's Estate*, 50 Mich. 626, 627, 16 N.W. 170 (1883) ("There is a privilege of secrecy as to what passes between attorney and client, but it is the privilege of the client and he may waive it if he so chooses. It is not the privilege of the court or of any third party."); *Leibel v. Gen. Motors Corp.*, 250 Mich. App. 229, 242, 646 N.W.2d 179, 186–87 (2002) ("[o]nce otherwise privileged information is disclosed to a third party by the person who holds the privilege, or if an otherwise confidential communication is necessarily intended to be disclosed to a third party, the privilege disappears").

As for the suggestion that the Motion improperly affords the Trustee pre-suit discovery on a state law claim, § 542(e) specifically authorizes the document production the Trustee seeks, irrespective of the pendency of any proceeding other than the bankruptcy case itself. The communications and documents at issue regarding the indebtedness of the Debtors to their credit union clearly qualify as "recorded information" relating to their property and financial condition. Any state court discovery rule, in our republic, must yield to § 542(e) -- the applicable federal statute. *See* 28 U.S.C. § 1652; U.S. Const., Art. VI, Par. 2 (Supremacy Clause).

Moreover, pre-suit discovery is not anathema in bankruptcy proceedings, especially discovery as limited as that which the Trustee seeks through his Motion. *See generally* Fed. R. Bankr. P. 2004. Similarly, the decision of Congress to permit trustees to gather information from debtors' professionals, reflected in § 542(e), necessarily contemplates pre-suit discovery to some extent.

Ms. Chadwick's suggestions that she did not commit malpractice, or that her clients could easily defeat the Trustee's right to sue her by simply amending Schedule C to claim as exempt any possible malpractice cause of action, are certainly plausible, but they do not defeat the Trustee's present right to the recorded information he seeks. It is true, as Ms. Chadwick argues, that her clients may freely amend Schedule C under Rule 1009(a), and that the amendment (if it survives objection) would render the malpractice claim of "inconsequential value and benefit to the estate," leading to likely abandonment, voluntarily or pursuant to the court's order. 11 U.S.C. § 554(a).

Nevertheless, as of the date of this opinion, these possible developments have not taken place, and the court will not speculate about the merits or efficacy of the Trustee's efforts to pursue Ms. Chadwick or her firm.[2]

The only issue to be decided right now is whether the Trustee presently has a right to compel the Debtors or their counsel to turn over the limited universe of documents described in the Motion. He clearly does, so the court will grant his Motion.

NOW THEREFORE, IT IS HEREBY ORDERED that the Trustee's Motion (ECF No. 28) is GRANTED and Ms. Chadwick shall deliver them to the Trustee within fourteen days after entry of this Memorandum of Decision & Order.

---

[2] It requires no speculation to conclude that these possibilities, and the amount at issue, make this dispute a natural candidate for prompt settlement.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision & Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Michael Harold Dawson and Patricia Ann Dawson, Cheryl L. Chadwick, Esq., Jeff A. Moyer, Esq., and the United States Trustee (by First Class U.S. Mail).


END OF ORDER


**IT IS SO ORDERED.**



**Dated June 21, 2018**

Scott W. Dales
United States Bankruptcy Judge