UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

————————————————

In re:

MICHAEL HAROLD DAWSON and
PATRICIA ANN DAWSON,

                       Debtors.

_____/

Case No. DG 16-04923
Chapter 7
Hon. Scott W. Dales

MEMORANDUM OF DECISION & ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                     Chief United States Bankruptcy Judge

After debtor Patricia Dawson (the "Debtor") amended Schedule C to claim as exempt a cause of action against her former bankruptcy counsel (the "Cause of Action"), chapter 7 trustee Jeff A. Moyer (the "Trustee") filed Trustee's Objection to Amended Claim of Exemption (ECF No. 43, the "Objection"), seeking an order denying any exemption in the Cause of Action as contrary to 11 U.S.C. § 522(g).[1]  The Debtor opposes the Objection.

The court held a hearing on November 16, 2018, in Grand Rapids, Michigan, to consider the Debtor's exemption and whether the Trustee has met his burden under Rule 4003(c) of persuading the court that the Debtor has not properly claimed it.  The Debtor and the Trustee both appeared at the hearing through counsel.  The Debtor's former counsel also appeared through counsel, but only to monitor the hearing for any impact on the Trustee's adversary proceeding against her and her firm.

---

[1] Unless otherwise indicated, any reference in the text of this opinion to "§ __" points to a section within the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*  And, unless otherwise noted, a reference in this opinion to a "Rule" indicates reliance on a Federal Rule of Bankruptcy Procedure.

The court has considered the arguments presented at the hearing and in the Trustee's Brief in Support of Objection to Amended Claims of Exemptions filed after the hearing (ECF No. 54, the "Post-Hearing Brief"), and will overrule the Objection.

By way of background, before the Debtor amended her exemption claims, the Trustee had filed a complaint against the Debtor's former counsel alleging legal malpractice due to counsel's alleged failure to file the Debtor's petition in time to preserve a possible preference recovery (and exemption rights) under §§ 522(g) and 547. Through that adversary proceeding, the Trustee contends that if counsel had filed the Debtors' bankruptcy petition in time, the Debtor could have exempted approximately $6,047.00 from a likely preference recovery against her judgment creditor, GFI, LLC, who garnished a deposit account at Portland Federal Credit Union. The Trustee alleges that because former counsel failed to file the bankruptcy petition within ninety days of the service of the creditor's garnishment writ, she negligently foreclosed the Debtor from exempting the $6,047.00 that the Trustee, or the Debtor, might have avoided under § 547 and recovered under § 550. *See* 11 U.S.C. §§ 522(g-h), 547, and 550.

The parties to this exemption controversy agree that the Cause of Action qualifies as a prepetition asset to which the Trustee succeeded under § 541(a)(1) upon the commencement of the Debtor's case. *Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir.1988) ("… causes of action which formerly belonged to a debtor vest in the trustee for the benefit of the bankruptcy estate when the debtor files in bankruptcy under Chapter 7 of the Bankruptcy Code"), *cert. denied*, 489 U.S. 1079 (1989).[2] They also agree that if the court overrules the Objection, the Cause of Action would, as a practical matter, belong to the Debtors rather than their bankruptcy estate,

---

[2] At the hearing, to address the court's concerns about potential unfairness to the Debtor's former bankruptcy counsel, the Trustee agreed that nothing in the court's decision regarding this exemption controversy would bar her from arguing that the Cause of Action is not included within the property of the Debtor's bankruptcy estate.

because its full value cannot be used to pay claims.  *See* 11 U.S.C. § 522(c) and (k).  Property without benefit to the estate should be abandoned back to the debtor, as the Trustee conceded during the hearing. 11 U.S.C. §§ 105(a) and 554(b).

Conceding that the court "may not refuse to honor the exemption absent a valid statutory basis for doing so,"[3] the Trustee argues § 522(g) provides the statutory basis that precludes the Debtor from claiming the Cause of Action as exempt.  He argues that the Debtor's former counsel concealed the Cause of Action by not cooperating in the Trustee's pre-suit investigation, and that the Debtor, as principal, is accountable for the acts of her former agents (the defendants in the adversary proceeding).

As the Supreme Court frequently says, the interpretation of any statute starts with the statutory text.  *Pennsylvania Dept. of Public Welfare v. Davenport*, 495 U.S. 552, 558-59 (1990).  Where the text is clear, the inquiry begins and ends there.  Given the central role that § 522(g) plays in this dispute, the court begins with the text of the statute:

> (g)  Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been *transferred*, if—
>
> > (1)(A) such *transfer* was not a voluntary *transfer* of such property by the debtor; and
>
> > > (B) the debtor did not conceal such property; or
>
> > (2) the debtor could have avoided such *transfer* under subsection (f)(1)(B) of this section.

11 U.S.C. § 522(g) (emphasis added).  In his Objection, during the hearing, and again in the Post-Hearing Brief, the Trustee contended that the Debtor's former counsel concealed the Cause of

---

[3] *Law v. Siegel*, 571 U.S. 415, 424 (2014).

Action allegedly transferred by the Debtor, but when pressed he was unable to identify what *transfer* the Debtor effected—the obvious focus of the statutory text.

Last year, this court construed the text of § 522(g) and described its purpose as follows:

> In effect, § 522(g) "provides a further opportunity for a debtor to claim an exemption in property that was not in the debtor's portfolio when the bankruptcy proceeding began" if the transfer was involuntary and the property was not concealed by the debtor. *Stornawaye Financial Corp. v. Hill (In re Hill)*, 562 F.3d 29, 34 (1st Cir. 2009). If, however, the transfer was voluntary and the property is recovered by the trustee under the provisions enumerated in the statute, § 522(g) "prevents a debtor from claiming exemptions" in the recovered property. *In re Kuhnel*, 495 F.3d 1177, 1178– 81 (2007) (holding that § 522(g) only applies to prohibit a claim of exemption when there has been "both a voluntary transfer, as well as a recovery").

*In re Mickens*, 575 B.R. 797, 803 (Bankr. W.D. Mich. 2017) (declining to apply § 522(g) to homestead exemption claimed in property included within the estate on the petition date under § 541(a)(1)).

As Judge Boyd explained in *Mickens*, § 522(g) is "a rehabilitative statute, rather than a punitive one, . . . intended to further facilitate a debtor's overall 'fresh start' by permitting her to exempt property that was transferred away and recovered by the trustee in certain circumstances." *Id.*, 575 B.R. at 808 (citations omitted).

In contrast to this view of § 522(g), which regards the subsection as expanding the universe of property subject to exemption, the Trustee regards § 522(g) as limiting exemptions generally, even exemptions claimed in property included within the estate on the petition date under § 541(a)(1), as he argues in the Post-Hearing Brief.  The court rejects the Trustee's narrow view of § 522(g) for several reasons.

Most generally, as a remedial or "rehabilitative statute," § 522 should be "construed liberally." *In re Smith*, 640 F.2d 888, 891 (7th Cir. 1981); c*f. In re Wengerd*, 453 B.R. 243, 247

(6th Cir. B.A.P. 2011) (construing Ohio exemption statute liberally in favor of exemption). Even without this maxim of statutory construction, the text of the statute does not support the Trustee's reading.

The opening line—"[n]otwithstanding sections 550 and 551 of this title"—is the reader's first signal that § 522(g) is designed to expand, not limit, a debtor's exemption rights. It reveals that the point of the provision is to relax the restrictions in the two cited statutes that would otherwise preclude a debtor from claiming property as exempt.[4] More specifically, by suspending §§ 550 and 551, § 522(g) ensures that debtors may exempt property that is not initially available for exemption, either as a legal or practical matter, because title or control of the asset is initially outside the bankruptcy estate. In this way, the text of § 522(g) expands, rather than limits, exemption rights which, in general, are determined as of the petition date when the rights of the parties to a bankruptcy proceeding are usually fixed. *In re O'Brien*, 443 B.R. 117, 130-31 (Bankr. W.D. Mich. 2011).

Of course, the expanded exemption right is not unlimited: if the debtor took steps to put the property beyond the reach of the trustee by voluntarily transferring and concealing it, the debtor cannot benefit when the trustee later unwinds the transfer, using the avoidance and recovery powers under chapter 5. This should come as no surprise.

The Trustee, however, seizes on the limiting language of § 522(g), arguing that the restrictions apply not just to property over which a trustee gains control using the chapter 5 powers, but to all property automatically included within the estate under § 541(a)(1). His argument invites the court to write out of the statute the references to § 550 and 551, and stands the text of § 522(g)

---

[4] Without this phrase, the property that a trustee recovers (or that is preserved) under §§ 550 and 551, respectively, would be off limits for exemption because, under these sections, recovery and preservation must be "for the benefit of the estate," not the debtor.

on its head.  He does this principally by identifying the transfer at issue as the transfer or conveyance that is said to occur by operation of law under § 541(a)(1).  *See* Post-Hearing Brief at pp. 2 - 5.  In addition to being at odds with *Mickens* and unsupported by any citation to case law, interpreting § 522(g) as a limitation on exempting any property included in the estate under § 541(a)(1) (not just recovered property) would render the exemptions under § 522(b) inapplicable in every bankruptcy proceeding.  In addition to ignoring the opening proviso in § 522(g), the Trustee's argument proves too much.

By identifying the transfer to which § 522(g) refers as the voluntary transfer of property into the estate automatically effected upon the filing of a petition, the Trustee ensures that no debtor in a voluntary case could ever satisfy § 522(g)(1), which authorizes exemptions only if the "transfer was not a voluntary transfer" of the property to be exempted.  Indeed, in voluntary and involuntary cases alike, the Trustee's argument would preclude any exemptions, though for a slightly different reason.  This is because a debtor may claim an exemption under § 522(g) only "to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred. . . ."  But if the "transfer" is the transfer into the estate (as the Trustee argues), no debtor could ever satisfy this aspect of § 522(g) because debtors may only exempt property that is included within the estate,[5] and then only if the "property had not been transferred" into the estate in the first place (as § 522(g) requires the court to hypothesize).  Consequently, whether the case is voluntary or involuntary, under the Trustee's interpretation, there would never be any eligible property within the estate for the debtor to exempt.

Indeed, identifying the transfer as did the Trustee, and arguing that § 522(g) is a general limitation on all exemptions, would render the rest of the statute irrelevant: there would be no point

---

[5] "No property can be exempted . . . unless it first falls within the bankruptcy estate."  *Owen v. Owen*, 500 U.S. 305, 308 (1991).

in inquiring whether the transfer was voluntary or whether the debtor concealed it because if the transfer did not occur as § 522(g) requires us to pretend, the debtor could not have exempted the transferred property in any event.  The Trustee's reading is tortured and leads to an absurd result.

The more natural view of the statute, and the one the court adopts, is that the "transfer" referred to in § 522(g) is the prepetition transfer (either of title or possession) that made it necessary for the trustee to exercise the chapter 5 avoidance and recovery powers enumerated in the section and to reel the property back into the estate, not the transfer that occurs upon the filing of a bankruptcy petition.  *See In re Mickens*, 575 B.R. at 803.[6]

In a further effort to squeeze the Debtor's exemption claim into § 522(g), the Post-Hearing Brief suggests that a trustee who sues on a state law cause of action is exercising the turnover power under § 542.  The court, however, has doubts about this proposition as well, because it would transform an obviously non-core proceeding—a suit on a state law cause of action—into a core proceeding, and  the Trustee has offered no authority for this proposition in his Post-Hearing Brief.[7]  Just as the court will not permit a label that a litigant applies to his lawsuit to transform a

---

[6] Even assuming the statutory text is not clear, as the Trustee posits by offering an alternative view, the legislative history of § 522(g) supports the court's view of the statutory text and identifies the nature of the transfers to which it refers:

> Subsection (g) gives the debtor the ability to exempt property that the trustee recovers under one of the trustee's avoiding powers if the property was involuntarily transferred away from the debtor (such as by the fixing of a judicial lien) and if the debtor did not conceal the property. The debtor is also permitted to exempt property that the trustee recovers as the result of the avoiding of the fixing of certain security interests to the extent that the debtor could otherwise have exempted the property.

H. Rep. No. 95–595, at 362 (1977), *as reprinted in* 1977 U.S.C.C.A.N. 5963, 6318.

[7] *See Hagan v. Okony (In re Corl)*, No. 1:08-CV-732, 2008 WL 4722747, at *1 (W.D. Mich. Oct. 22, 2008) (adopting report and recommendation that refused to treat § 542 "turnover" proceeding to liquidate state contract claim as core proceeding); *Marshall v. Michigan Dep't of Agriculture (In re Marshall*, 118 B.R. 954, 962 (W.D. Mich. 1990) ("Since a resolution of those actions involves a state law determination of MDA's liability under the contract, it is a step away from the true Section 542 turnover proceeding and therefore does not constitute a core proceeding under Section 157(b)(2)(E)."); *Dayton Title Agency, Inc. v. Philadelphia Indemnity Ins. Co. (In re Dayton Title Agency, Inc.)*, 264 B.R. 880, 883 (Bankr. S.D. Ohio 2000) (adversary proceeding to recover on contract and tort claims that presented a bona fide dispute as to liability cannot be viewed as a turnover proceeding under 28 U.S.C. § 157(b)(2)(E)).

non-core into a core proceeding, neither will it permit clever labeling to restrict the Debtor's exemption rights. Moreover, the policy that undergirds § 522(g)'s reference to § 542—preventing the unfairness of permitting a debtor who puts property beyond the trustee's reach to benefit from the trustee's efforts to recover the transferred and concealed property—is simply not implicated on the present record, where the parties both agree that the Cause of Action is automatically included within the estate. That the Trustee is attempting to transform the asset from an intangible, prepetition malpractice claim into cash does not change the fact that the estate already included the Cause of Action on the petition date. Moreover, the Trustee certainly cannot complain that he filed the adversary proceeding without knowing the Debtor might exempt the Cause of Action, because the parties discussed this possibility earlier this year when the Trustee was undertaking his pre-suit discovery against the Debtor's former counsel. *See* Memorandum of Decision & Order dated June 21, 2018 (ECF No. 32) at p. 4 (noting former counsel's argument that the Debtor could exempt the Cause of Action and deprive the Trustee of the benefit of a potential malpractice lawsuit).

Finally, although today's decision does not rest on rejecting the Trustee's allegations of concealment, the court is not persuaded that counsel's resistance to pre-suit discovery earlier this year amounts to concealment of the Cause of Action by the Debtor. Indeed, as Debtor's counsel argued during the hearing, former counsel may have concealed *documents* that would be useful to the Trustee in prosecuting the Cause of Action, but not the Cause of Action itself. The Cause of Action was obvious to this savvy trustee, probably as early as the first meeting of creditors, and it clearly prompted him to demand the documents. He was not on a fishing expedition, trolling for the unknown catch, but was seeking specific correspondence that he assumed existed and that

would support the malpractice claim he clearly had in mind at the time of the turnover demand, and now. It is disingenuous to argue otherwise.

Moreover, under agency principles, it is far from clear that a principal is chargeable with the acts of an agent who acts for the agent's own interests, against the interests of her principal. *See MCA Financial Corp. v. Grant Thornton, L.L.P.*, 687 N.W.2d 850, 857 (Mich. App. 2004) (discussing "adverse interest" exception to principal's vicarious liability for agent's acts when agent is acting solely in her own interest).

In any event, the court need not decide whether the Debtor is chargeable with her former counsel's supposed "concealment" because the court has already rejected the Trustee's interpretation of § 522(g). Because the Debtor may exempt the Cause of Action under § 522(b) and (d)(5) without implicating § 522(g) in any way, the court will overrule the Objection.

Finally, as the Trustee acknowledged on the record during the hearing, the court's ruling in favor of the Debtor's exemption renders the Cause of Action of inconsequential value or benefit to the estate under § 554, so the court will order the Trustee to abandon it to the Debtor.

NOW THEREFORE, IT IS HEREBY ORDERED that the Trustee's Objection (ECF No. 43) is OVERRULED and the Cause of Action is ABANDONED to the Debtor.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision & Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Michael Harold Dawson and Patricia Ann Dawson, Martin L. Rogalski, Esq., Jeff A. Moyer, Esq., and the United States Trustee (by First Class U.S. Mail).

END OF ORDER

**IT IS SO ORDERED.**

**Dated December 7, 2018**

Scott W. Dales
United States Bankruptcy Judge